## IN THE SUPERIOR COURT OF GUAM

FILED
SUPERIOR COURT
OF GUAM

2014 MAR -7 AM 11: 41

CLERK OF COURT
BY

CHOON HEE KANG,

    Plaintiff,

vs.

GUAM CONSTRUCTION CO., INC.,
BYONG H. KANG, SIN JAE KANG, and
JOSEPH JOO HI KANG,

    Defendants.
_____

GUAM CONSTRUCTION CO., INC.,

    Counterclaim Plaintiff,

vs.

CHOON HEE KANG,

    Counterclaim Defendant.
_____

BYONG H. KANG,

    Counterclaim Plaintiff,

vs.

CHOON HEE KANG,

    Counterclaim Defendant.
_____

**CIVIL CASE NO. CV0602-13**

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Intervenor-Applicants Ki-Wook Han, Antonia Bautista, and Roland Salonga's motion to intervene, filed November 22, 2013. Oral arguments were heard on January 27, 2014. Attorney Jon A. Visosky appeared on behalf of Plaintiff, Attorney James M. Maher represented Defendant Guam Construction

Company, Inc., and Attorney Delia Lujan Wolf represented Intervenor-Applicants Ki-Wook Han, Antonia Bautista, and Roland Salonga. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On May 15, 2013, Plaintiff Choon Hee Kang filed a complaint against Defendants Byong H. Kang (hereinafter "Defendant B. Kang"), Guam Construction Company, Inc. (hereinafter "GCC"), Sin Jae King, and Joseph Joo Hi Kang alleging conversion of Plaintiff's real properties; fraud; conversion of personal property; trespass; conversion of Plaintiff's 26,550 GCC shares; breach of fiduciary duty; breach of the duties of care, loyalty, and good faith; false entries liability pursuant to 18 GCA §2214; alter ego liability; appointment of receiver for GCC pursuant to 7 GCA §20501; order for election of new GCC Directors and Officers pursuant to 18 GCA § 2212; declaratory relief; and constructive trust. (Compl., 8-14, May 15, 2013).

On November 22, 2013, shareholders of Defendant GCC Ki-Wook Han (hereinafter "Han"), Antonia Bautista (hereinafter "Bautista"), and Roland Salonga (hereinafter "Salonga") (hereinafter collectively "Intervenors") filed a motion to intervene pursuant to Guam R. Civ. P. 24. According to Han, Bautista, and Salonga, Han owns 30,900 shares, Bautista owns 2,950 shares, and Salonga owns 2,360 shares, for a combined total of 35,400 shares. (Mot. Intervene, Exhibits A-B, Nov. 22, 2013). They argue that, because there are only 59,000 issued shares of GCC, there could only be 23,600 remaining shares to which Plaintiff could claim ownership, but instead, Plaintiff claims ownership to 26,550 GCC shares. *Id.* at 2. Therefore, they allege that Plaintiff is claiming to own shares which belong to them and seek to intervene in this matter. *Id.*

On December 20, 2013, Plaintiff filed an opposition to the motion, arguing that the Intervenors' motion is an effort, in concert with Defendant B. Kang, to assert sham claims to Plaintiff's GCC shares. (Opp'n Mot., 2, Dec. 20, 2013). In support of this claim, Plaintiff asserts that Defendant B. Kang assigned and transferred the Intervenors' shares to Plaintiff in September and November of 2011. (Decl. Jon A. Visosky, Exhibits 1-3, Dec. 20, 2013). Plaintiff reasons that the Intervenors are not asserting claims against Defendant B. Kang, who

transferred their shares, because they are acting in concert with Defendant B. Kang to deny Plaintiff her interest in the shares. (Opp'n Mot., 3, Dec. 20, 2013).

On January 5, 2014, Intervenors filed a reply. They assert that Plaintiff only challenges the second criteria of the four part Rule 24(a)(2) analysis and that Guam case law does not require a determination of whether a proposed claim is a sham claim under a Rule 24 analysis. (Reply, 2-3, Jan. 5, 2014). Intevenors also further re-assert a present ownership interest in the disputed shares in GCC. *Id.* at 4.

## DISCUSSION

**I.      Rule 24 of the Guam Rules of Civil procedure**

Under Guam law, a party's ability to intervene is governed by Rule 24 of the Guam Rules of Civil Procedure. The rule provides for two types of intervention: (1) intervention of right under Guam R. Civ. P. 24(a) and (2) permissive intervention under Guam R. Civ. P. 24(b). In this case, Han, Bautista, and Salonga seek intervention under both forms.

Rule 24(a) of the Guam Rules of Civil Procedure provides a method by which a party may intervene as a matter of right. Guam R. Civ. P. 24(a) (2010). Relevant here is Rule 24(a)(2), which states as follows:

> Rule 24. Intervention.
> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action:
> …
> (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Guam R. Civ. P. 24(a)(2). To merit intervention as of right, an applicant must satisfy each of the following criteria:

> (1) the motion to intervene must be timely; (2) the applicant must have a significantly protectable interest regarding the property or transaction that is the subject of the suit; (3) the applicant must be so situated that disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must be inadequately represented by an existing party.

*Sablan v. Land Use Commission (Younex)*, 2011 Guam 12 ¶ 10 (*citing Limtiaco v. Camacho (Guam Music)*), 2009 Guam 7 ¶ 7). Rule 24 is construed liberally in favor of the proposed intervenor. *Id.* (*citing Cho*, 2009 Guam 21 ¶ 28).

In this case, the parties do not dispute the satisfaction of criteria (1), (3), and (4). The Court finds that the motion was timely, there being no evidence of delay by the Intervenors bringing the motion to intervene and there being no prejudice to any existing party which would result from the prospective intervenors' failure to request intervention at an earlier time. *See Sablan (Younex)*, 2011 Guam 12 ¶¶ 11-27. Furthermore, the Intervenors' ability to protect their interest would be impaired because the subject matter of the litigation involves shares to GCC they claim ownership of. *See id.* at ¶ 31. In addition, the Intervenors' interests are not adequately represented as a present party, Plaintiff or Defendants, are likely not going to make all the Intervenors' arguments for their alleged ownership interest in their shares. *See id.* at ¶ 35. Therefore, the motion hinges on the disputed second criteria.

## II. Significant Protectable Interest

The point of contention between the parties is whether Intervenors have a significant protectable interest in the litigation to merit intervention. Intervenors argue that they have a significant protectable interest in their shares because Plaintiff claims to own shares that they allege belong to them. (Mot. Intervene, 5-6, Nov. 22, 2013). Further, they argue that fiduciary duties of officers and directors of GCC toward themselves as shareholders are significant protectable interests. *Id.* Plaintiff argues that absent against a claim against Defendant B. Kang to undo his transfer of their alleged shares, Intervenors lack a protectable interest in the GCC shares.

Under Guam law, "[t]o determine whether an applicant for intervention has a significantly protectable interest, the applicant must establish: (1) that the claimed interest is protectable under some law; and (2) that there is a relationship between the protectable interest and the claims at issue." *Sablan (Younex)*, 2011 Guam 12 ¶ 29 (*citing Limtiaco (Guam Music)*, 2009 Guam 7 ¶ 27). In applying Rule 24, the Supreme Court of Guam has emphasized that "an application for intervention cannot be resolved by reference to the ultimate merits of the claim

the intervenor seeks to assert." *Shin v. Fujita Kanko Guam, Inc. (Cho & Tumon Partners)*, 2009 Guam 21 ¶ 28. Furthermore, a reviewing court "must accept as true the non-conclusory allegations of the motion and cross-complaint." *Id.* (*quoting Lake Investors Dev. Group v. Egidi Dev. Group*, 715 F.2d 1256, 1258 (7th Cir.1983)).

In this case, Intervenors have asserted sufficient facts for the Court to find, under the above standard, that it has a significant protectable interest in the shares of GCC to allow them to intervene in this matter. Accepting their allegations as true, Intervenors are owners to GCC shares and they never transferred those shares. *Id.* Ownership interest in the shares of a Guam corporation is protected under Guam law and these interests are at issue in the present matter. Thus, Intervenors have a significant protectable interest in this litigation. *Sablan (Younex)*, 2011 Guam 12 ¶ 29.

For these reasons, the motion to intervene shall be granted. Having granted the motion to intervene under Guam R. Civ. P. 24(a)(2), the Court need not discuss Intevenors' alternative ground to intervene under Guam R. Civ. P. 24(b). It bears noting that the Plaintiff may still raise her Guam R. Civ. P. 19 claim and the alleged fraudulent nature of Intervenors' claim under alternative avenues.

///

///

## CONCLUSION

Based upon the foregoing, Intervenors' motion to intervene is hereby GRANTED.

This matter is set for further proceedings on March 12, 2014 at 9:00 a.m.

**SO ORDERED this 7th day of March, 2014.**

_____
**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**